## Annex A

## Debtor in Possession Financing

This Debtor-in-Possession Financing Term Sheet (the "DIP Term Sheet") summarizes the terms of a loan between DIP Agent, DIP Lenders and Borrower. This DIP Term Sheet is intended to be binding agreement, subject to entry of an Order approving the DIP Term Sheet and Financing in a form acceptable to DIP Agent. Given the exigency of the circumstances, the short-term nature of the Financing, and the relatively small amount of money involved, the DIP Agent, DIP Lenders and Borrower do not, at this time, intend to document the Financing with a formal credit agreement. However, subject to not less than five business days' notice to the committee, Pre-Petition Senior Secured Agent, Pre-Petition Junior Secured Creditor and the U.S. Trustee, Borrower will execute a credit agreement reflecting the terms set out below and other customary terms reasonably requested by DIP Agent or note evidencing the debt as and when requested by DIP Agent and, if any of the foregoing parties request a hearing, court approval of such DIP documentation.

| Borrower | Simplexity, LLC, a Delaware limited liability company |
|---|---|
| Guarantors | Simplexity Services, LLC and Adeptio INPC Holdings, LLC, each of which are Delaware limited liability companies. The guarantors fully guarantee as primary obligors on a joint and several basis the performance by the Borrower of all its obligations hereunder and under the Order, including all payment obligations, and waive any and all defenses to any obligations under such guarantee, to the extent permitted under law. |
| DIP Agent | Fifth Third Bank |
| DIP Lenders | The financial institutions providing the Financing |
| Revolving DIP Loan Maximum Amount | The aggregate principal amount (in no event to exceed $1,000,000) equal to: (a) $500,000, plus (b) the aggregate amount of cash collateral collected during the term of the Financing (as determined in accordance with the Order), plus capitalized expenses and interest. |
| Purpose | Finance necessary expenses and professional fees pursuant to the Agreed Budget as determined by the DIP Agent in its sole discretion in furtherance of an orderly sale of Simplexity's businesses and assets for the minimum time necessary to obtain long-term DIP financing or consummate a sale of Simplexity's business and assets for the benefit of its creditors. |
| Agreed Budget | The budget attached as Annex B to the Order, with such changes as may be approved by the DIP Agent in its sole discretion. |
| Maturity Date: | All amounts outstanding (including accrued and unpaid interest and any interest or Permitted Expenses added to the principal amount of the loan) shall be paid in full on the date 45 days from the Petition Date. |

24

| Events of Default | Events of Default are: |
|---|---|
| | *Revolving DIP Loan* *Maximum Amount* (handwritten) |
| | 1. <u>Non-Payment</u>. Failure to repay the ~~Delayed Draw Term Loan~~ Amount and accrued and unpaid interest and expenses on the Maturity Date or to make any mandatory prepayment when due; |
| | 2. <u>Breach</u>.  The Borrower or any Guarantor fails to comply with any of its other obligations hereunder or under the Order, including the Affirmative or Negative Covenants set forth herein. |
| | 3. <u>Inconsistent Action</u>. Any indirect or direct action by the Debtors or the occurrence of any event or circumstance that: (i) is inconsistent with the Order or this DIP Term Sheet, (ii) has had or could have a materially adverse effect on the Debtors or the operations, revenues, assets or liabilities of the Debtors, or the rights of the DIP Agent or DIP Lenders hereunder or under the Order or (iii) is an incurrence of any debt or liens on the Debtors' property, is a sale of assets outside the ordinary course of business, or is an incurrence of liabilities that exceed $25,000 in the aggregate not set forth in the Agreed Budget ; |
| | 4. <u>Failure to Fund According to Budget</u>.  Failure of the Debtors to fund operations in accordance with the Agreed Budget, subject to a 10% variance on budgeted expenses (determined weekly in the aggregate); |
| | 5. <u>Change of Control</u>. Any person or two or more persons acting in concert shall have acquired beneficial ownership or control of voting stock of any Debtor representing 35% or more of the combined voting interests in such Debtor; |
| | 6. <u>Dismissal or Conversion of Cases</u>. (i) Any of the Debtors cases are dismissed or converted to a case under Chapter 7 of the Bankruptcy Code or any Debtor shall file a motion or other pleading seeking the dismissal of any Case of any Debtor, or (ii) a trustee under Chapter 7 or Chapter 11 of the Bankruptcy Code, a responsible officer or an examiner with enlarged powers relating to the operation of the business shall be appointed in any of the Cases of the Debtors; |
| | 7. <u>Relief from Automatic Stay</u>. The Bankruptcy Court shall enter an order or orders granting relief from the automatic stay applicable under Section 362 of the Bankruptcy Code to the holder or holders of any security interest to: (i) permit foreclosure (or the granting of a deed in lieu of foreclosure or the like) on any assets of any any Debtor or (ii) permit other actions that would have a material adverse effect on any Debtor; |
| | 8. <u>Certain Orders</u>. (i) The order approving the DIP Loan is amended, modified, appealed, or is no longer in full force and effect, (ii) the final order approving the Financing (in form and |

RLF1 10065183v.1

| | substance satisfactory to the DIP Agent) shall not have been entered by the date that is 21 days after the date hereof, (iii) an order of the bankruptcy court shall be entered denying or terminating use of cash collateral, (iv) the interim order or final order shall cease to create a valid and perfected Lien on the Collateral or to be in full force and effect, (v) any of the Debtors fail to comply with any order of the bankruptcy court, or (vi) a final non-appealable order in the Debtors cases shall be entered charging any of the Collateral under Section 506(c) of the Bankruptcy Code; and<br><br>9. <u>Pre-Petition Payments</u>.  Except as permitted by the first day orders and the Agreed Budget, any Debtor shall make any payment on account of any pre-petition liability.<br><br>Following the occurrence of any Event of Default, the DIP Agent and DIP Lenders shall have the right (1) by notice to the Borrower to demand payment in full of all amounts outstanding (including accrued and unpaid interest and any Permitted Expenses added to the principal amount of the loan), and Borrower shall pay any such amounts upon such demand and (2) to exercise remedies with respect to the Collateral, subject to the terms of the DIP Order. |
|---|---|
| Security | Subject only to the Carve Out, a fully-perfected first priority senior priming security interest in and lien upon all pre- and post-petition property of the Debtors. |
| Interest Rate (paid in kind): | 9% of the outstanding principal amount per annum, calculated as .02499% per day.  DIP Agent shall capitalize and add interest to the principal amount of the DIP Loan.  DIP Agent shall record such capitalized interest on the Schedule of Borrowing. |
| Post-petition Loan Availability | If the Debtors do not have cash on hand sufficient to satisfy five business days of reasonably anticipated expenses, advances under the DIP Loan will be made available pursuant to the Agreed Budget set forth in Annex B.  The Debtor is authorized to draw the amount necessary to satisfy 5 business days of reasonably anticipated net expenses one time per week, provided DIP Agent and DIP Lenders will fund only if: (i) the Debtor provides evidence satisfactory to the DIP Agent that the requested amount does not exceed the difference between reasonably anticipated receipts and disbursements for the next five business days, (ii) the Debtor delivers an updated budget acceptable to the DIP Agent, which includes uses for the requested draw (which, upon approval by the DIP Agent shall amend and replace the Agreed Budget set forth on Annex B), and (iii) the total amount funded, including the requested draw, is equal to or less than ~~Delayed Draw Term Loan~~ Maximum Amount.  The Borrower shall deliver a borrowing request to the DIP Agent at least two business days prior to the proposed date of drawing setting for the amount proposed to be |

*(handwritten annotation: DIP Revolving Loan)*

RLF1 10065183v.1

| | borrowed and the other information provided for herein. |
|---|---|
| Schedule of Borrowing | DIP Agent shall maintain a schedule of drawings, payments, capitalized interest and expenses, and any accrued and unpaid not yet capitalized (the "**Schedule of Borrowing**") and absent manifest error such schedule will be conclusive evidence of amounts owing. |
| Voluntary Prepayment | The Debtors may voluntarily prepay the DIP Loan, in full but not in part, at any time without premium or penalty. Prepayment in full means prepayment of all amounts on the Schedule of Borrowings which shall include principal (including interest and expenses added to principal), any accrued and unpaid interest to the prepayment date plus expenses accrued and unpaid to the prepayment date. Upon prepayment in full of all outstanding amounts under the DIP Loan, the DIP Agent and DIP Lenders' obligations hereunder shall terminate. Amounts repaid may not be reborrowed. |
| Mandatory Prepayment | Unless the DIP Agent otherwise agrees in writing, the DIP Loan shall be prepaid with 100% of the net cash proceeds of the sale of any of property of the Debtors and 100% of Qualified Funds received by the Debtor. Upon prepayment in full of all outstanding amounts under the DIP Loan, the DIP Agent and DIP Lenders' obligations hereunder shall terminate. |
| Qualified Funds | Weekly gross receipts in excess of the amount forecasted in the Budget and 100% of all gross receipts in excess of $100,000 in any five business day period. |
| Conditions Precedent | The DIP Agent and DIP Lenders' obligations to make any loans shall be subject to the following conditions precedent: (i) entry of the Order in form and substance satisfactory to DIP Agent in its sole discretion, (ii) delivery of a borrowing request meeting the requirements set forth hereunder, (iii) no Event of Default occurred and no event or circumstance has occurred or exists that the DIP Agent reasonably believes will result in an Event of Default, and (iv) the DIP Agent shall have received other closing documents reasonably requested by the DIP Agent. |
| Reports | Borrower will provide DIP Agent access to all books and records of the Debtors, as well as unrestricted access to Debtors' financial advisor, professionals or employees. |
| Affirmative Covenants | 1. Financing proceeds shall be maintained at Fifth Third Bank. Debtors shall make commercially reasonable efforts to deposit cash collateral in a bank account at Fifth Third Bank.<br>2. From and after entry of the Interim DIP Order, the Debtors shall use their commercially reasonable efforts to solicit bids for all or substantially all of their assets.<br>3. On or before March 31, 2014, the Debtors shall file one or more motions, in form and substance reasonably acceptable to DIP Agent, to sell all or substantially all of their assets and establish |

27

| | |
|---|---|
| | sale procedures in connection therewith (which may include seeking approval of any acceptable "stalking horse" bids). |
| | 4. The Debtors shall promptly provide the DIP Agent copies of such records and other information, and access to its officers, employees, and representatives, regarding such bid solicitation efforts (including, without limitation, all letters of intent or other expressions of interest in the Debtors' assets or business), as DIP Agent may reasonably request from time to time, subject to the confidentiality terms and provisions of the prepetition credit agreement with the Pre-Petition Senior Secured Creditor. |
| Negative Covenants: | Debtors shall not make any payments to any person or incur any obligations without DIP Agent's written consent.  Absent the DIP Agent's written consent or order of the Court, Debtors shall not sell any property unless cash proceeds are sufficient to prepay the DIP Loans in full. |
| Permitted Expenses (paid in kind) | The Borrower shall reimburse the DIP Agent and DIP Lenders for all reasonable and documented costs and expenses, including legal fees, in connection with the negotiation, documentation, execution, and administration of the Financing.  DIP Agent shall capitalize and add such expenses to the principal amount of the DIP Loan. DIP Agent shall record such capitalized expenses on the Schedule of Borrowing. |
| Indemnification | Debtors indemnify and holds harmless the DIP Agent and DIP Lenders and their respective affiliates and their respective directors, officers, employees, advisors, agents and other representatives, each solely in their capacity as related to the DIP Agent, DIP Lenders and the DIP Loans (each, an "**Indemnified Person**") from and against any and all losses, claims, damages and liabilities to which any such Indemnified Person may become subject arising out of or in connection with the Financing, the use of the proceeds thereof or any claim, litigation, investigation or proceeding (a "**Proceeding**") relating to any of the foregoing, regardless of whether any indemnified person is a party thereto, regardless of who brings the Proceeding.  The Debtors agree to reimburse each indemnified person upon demand for any reasonable legal or other out-of-pocket expenses incurred in connection with investigating or defending any of the foregoing. DIP Agent and DIP Lenders are authorized to advance from the DIP Loan an amount equal to such amount.  However, the foregoing indemnity will not, as to any Indemnified Person, apply to losses, claims, damages, liabilities or related expenses to the extent they are found by a final, nonappealable judgment of a court of competent jurisdiction to arise from the willful misconduct of the Indemnified Person. |
| Governing Law | State of New York (and, to the extent applicable, the Bankruptcy |

RLF1 10065183v.1

| | Code). |
|---|---|

This Debtor-in-Possession Financing Term Sheet evidences debt of the Borrower and is executed and agreed on March __, 2014

**Borrowers**

_____
Simplexity, LLC
as debtors and debtors in possession
By:
Title:

**Guarantors**

_____
Simplexity Services, LLC
as debtors and debtors in possession
By:
Title:

_____
Adeptio INPC Holdings, LLC
as debtors and debtors in possession
By:
Title:

**DIP Agent**

_____
Fifth Third Bank
By:
Title:

**DIP Lender**

_____
Fifth Third Bank
By:
Title: