# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Simplexity, LLC, *et al.*, | ) Case No. 14-10569(KG) |
| | ) |
| Debtor. | ) **Re Dkt. Nos. 443 and 473** |

## MEMORANDUM ORDER

First Third Bank ("FTB") has moved pursuant to § 1112(b) of the Bankruptcy Code to convert these Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. The Debtors do not oppose the motion but the Committee of Unsecured Creditors (the "Committee") has objected. The Committee, in fact, has filed a motion for standing to bring an adversary proceeding against FTB and in its proposed Complaint levels serious charges of wrongdoing against the movant, FTB.

Section (b)(1) of the Bankruptcy Code is very clear. Upon showing of cause, the Court shall - not may, shall – convert or dismiss a case brought under Chapter 11 unless, pursuant to § 1112(b)(2) the Court finds and specifically identifies unusual circumstances that make conversion or dismissal contrary to the best interests of the creditors and debtor's estate. But, as § 1112(b)(2)(A) further provides, there must be a reasonable likelihood that a plan will be confirmed within a reasonable period of time. The Court previously denied a motion to convert these cases, finding unusual circumstances existed – in particular that the case was then only two months old. FTB correctly points out that the Court neglected to make a finding of the reasonable likelihood of a plan being confirmed but at that early stage the Court still expected the parties to find a path to a plan process.

The case no longer has a short life. However, the Debtors and the Committee, especially the Debtors, have expressed cautious optimism that a negotiated resolution remains possible and, in that event, a confirmable liquidating plan would result. The Court therefore concludes that in the very short term, there exists a reasonable likelihood of a plan being confirmed and the unusual circumstance is on-going discussions which would lead to a confirmable plan. In contrast, a pause in converting the case will do very little, if any, harm to FTB.

Accordingly, the Court will deny the motion at this time. If, however, the parties do not reach resolution by December 1, 2014, FTB shall submit a certification of counsel to that effect accompanied by an Order converting the cases which the Court will enter.

Further, under the circumstances, the Court will defer ruling on the Committee's motion for standing to commence an adversary proceeding against FTB.

Dated: October 23, 2014

KEVIN GROSS, U.S.B.J.