IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SIMPLEXITY, LLC, *et al.*[1]<br><br>             Debtors. | Chapter 11<br><br>Case No. 14-10569 (KG)<br><br>Jointly Administered<br><br>**Hearing Date:** N/A<br>**Objection Deadline:** N/A |

**JOINT MOTION OF THE DEBTORS AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(c)
AND L. BANKR. R. 9006-1(e) SHORTENING NOTICE WITH RESPECT
TO JOINT MOTION FOR ENTRY OF AN ORDER PURSUANT
TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019 APPROVING STIPULATION
RESOLVING CLAIMS AGAINST FIFTH THIRD BANK AND ALLOWING
SECURED CLAIM OF FIFTH THIRD BANK UNDER THE FINAL DIP ORDER**

Simplexity, LLC and its affiliated debtors and debtors-in-possession in the above captioned Chapter 11 cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Movants"), by and through undersigned counsel, hereby move (the "Motion") for entry of an order, the proposed form of which is attached hereto as **Exhibit A**, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) shortening the notice and objection periods with respect to the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an*

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: Simplexity, LLC (9770); Simplexity Services, LLC (2823) ("Simplexity Services"; together with Simplexity, LLC, the "Simplexity Debtors"); and Adeptio INPC Holdings, LLC (4699) ("Holdings"). The Simplexity Debtors' mailing address is 10790 Parkridge Blvd., Suite 200, Reston, VA 20191. Holdings' mailing address is Cira Centre, 2929 Arch Street, Suite 1800, Philadelphia, PA 19104.

*Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 Approving Stipulation Resolving Claims Against Fifth Third Bank and Allowing Claims of Fifth Third Bank Under the Final DIP Order* (the "9019 Motion")[2] so that the 9019 Motion may be heard at the next omnibus hearing date on December 10, 2014 (the "Omnibus Hearing"); and (b) establishing a deadline for responses to the 9019 Motion of December 8, 2014 at 4:00 p.m., or such other date as determined by the Court. In support of this Motion, the Movants respectfully represent as follows:

## I. JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

## II. BACKGROUND

3.  On March 16, 2014, each of the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Since the Petition Date, the Debtors have continued to operate and manage their properties as debtors-in-possession.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the 9019 Motion.

4. On March 25, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. *See Notice of Appointment of Official Committee of Unsecured Creditors* [D.I. 55].

5. On September 4, 2014, the Committee filed the *Motion of the Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. §§ 105(a), 1103(c) and 1109(b) and the Final DIP Order for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute and Settle Various Claims Against Fifth Third Bank on Behalf of the Debtors' Estates* (the "Standing Motion") [D.I. 443], seeking the entry of an order granting the Committee exclusive standing and authority to pursue a Challenge Action (as defined under the Final DIP Order in these cases) against Fifth Third Bank ("Fifth Third"), in its capacity as Pre-Petition Senior Secured Agent.

6. On September 25, 2015, Fifth Third filed the *Second Motion of Fifth Third Bank to Convert these Cases to Cases under Chapter 7* (the "Conversion Motion") [D.I. 473], seeking entry of an order converting the above-captioned cases to cases under chapter 7 of the Bankruptcy Code.

7. After a hearing held on October 16, 2014 to consider the Standing and Conversion Motions, this Court entered an order [D.I. 543] (the "Memorandum Order") denying the Conversion Motion, deferring a ruling on the Standing Motion, and giving the parties until December 1, 2014 to reach a resolution on matters relating to the claims against Fifth Third or else the Court would convert the cases to chapter 7.

8. The Parties have used the time allowed by the Memorandum Order before conversion of these cases to reach a negotiated settlement. The parties are seeking approval of a

stipulation (the "Stipulation") pursuant to the 9019 Motion and the stipulation is conditioned on an order approving it becoming final and non-appealable on or before December 29, 2014.

### III. RELIEF REQUESTED

9. By this Motion, the Movants requests entry of an order (a) shortening the notice period with respect to the 9019 Motion to permit it to be heard at the Omnibus Hearing; and (b) setting a deadline for parties to respond to the relief requested in the 9019 Motion of December 8, 2014 at 4:00 p.m., or such other date as determined by the Court.

### IV. BASIS FOR RELIEF REQUESTED

10. Local Rule 9006-1(c) requires that all motion papers be filed and served at least eighteen (18) days prior to the hearing date scheduled for such motion and twenty-one (21) days if notice is given by first class mail, unless the Bankruptcy Rules or the Local Rules state otherwise. Local Rule 9006-1(c) further requires that the objection deadline set for a motion be no earlier than fourteen (14) days after service of the motion. Local Rule 9006-1(e), however, authorizes the Court to schedule a motion for hearing on less notice than is required by the Local Rules or the Bankruptcy Rules on "written motion specifying the exigencies justifying shortened notice." Del Bankr. L. R. 9006-1(e); *see also* Fed R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced.").

11. The 9019 Motion seeks approval of a settlement which resolves any and all claims and causes of action by the estate against Fifth Third and provides for the conversion of the cases to chapter 7 after the settlement transactions are consummated. The settlement is conditioned on, among other things, an order approving the Stipulation becoming final and non-appealable on or before December 29, 2014. Stipulation, at ¶ 3. An order approving the Stipulation would become final and non-appealable fourteen days after entry of such order. *See*

4

Fed. R. Bankr. P. 8002(a). The Movants, therefore, submit that it is imperative that the 9019 Motion be considered at the Omnibus Hearing so that an order approving the Stipulation becomes final and non-appealable on or before December 29, 2014.

12. If the Court schedules the response deadline with respect to the 9019 Motion for December 8, 2014 at 4:00 p.m., parties in interest will have twelve (12) days from the date hereof to respond to the 9019 Motion. The Movants believe that shortening the notice period such that the Court can consider the 9019 Motion at the Omnibus Hearing is both necessary and appropriate under the circumstances.

13. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion without the need for a hearing.

### V. **NOTICE**

14. The Movants will serve the 9019 Motion and this Motion via email (to the extent available) or overnight delivery on (a) the U.S. Trustee, (b) the Debtors; (c) Versa; and (d) Fifth Third. The Movants will serve the 9019 Motion and this Motion by email (to the extent available) or first class mail to all other entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Movants respectfully requests that the Court enter an order, (a) granting the relief requested in this Motion; and (b) granting such other and further relief as may be just or proper.

Dated: November 26, 2014
       Wilmington, Delaware

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **HUNTON & WILLIAMS LLP**<br>Peter S. Partee, Sr. (admitted *pro hac vice*)<br>Michael P. Richman (admitted *pro hac vice*)<br>200 Park Avenue |
| */s/ Robert S. Brady*<br>Robert S. Brady (No. 2847)<br>Edmon L. Morton (No. 3856)<br>Kenneth J. Enos (No. 4544)<br>Justin P. Duda (No. 5478)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 | New York, New York 10166-0136<br>Telephone: (212) 309-1000<br><br>and<br><br>*/s/ Christopher A. Ward*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Shanti M. Katona (Del. Bar No. 5352)<br>**POLSINELLI PC**<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920 |
| *Counsel to the Debtors and Debtors in Possession* | *Attorneys for The Official Committee of Unsecured Creditors of Simplexity, LLC, et al.* |