IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| SIMPLEXITY, LLC, et al.[1] | ) Case No. 14-10569 (KG) ) ) Jointly Administered |
| Debtors. | ) ) **Related Docket No. 574** ) |

## ORDER APPROVING STIPULATION RESOLVING CLAIMS AGAINST FIFTH THIRD BANK AND ALLOWING CLAIMS OF FIFTH THIRD BANK UNDER THE FINAL DIP ORDER

Upon consideration of the motion [D.I. 574] (the "Motion")[2] to approve the *Stipulation Resolving Claims Against Fifth Third Bank and Allowing Claims of Fifth Third Bank Under the Final Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)2, 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364*, the proposed form of which is attached as Exhibit 1 to this Order (the "Stipulation"), and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. § 1334 and the *Standing Orders of Referral of Title 11 Proceedings to the United States Bankruptcy Judge for the District of Delaware* entered July 23, 1984 and September 6, 2001; and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: Simplexity, LLC (9770); Simplexity Services, LLC (2823) ("Simplexity Services"; together with Simplexity, LLC, the "Simplexity Debtors"); and Adeptio INPC Holdings, LLC (4699) ("Holdings"). The Simplexity Debtors' mailing address is 10790 Parkridge Blvd., Suite 200, Reston, VA 20191. Holdings' mailing address is Cira Centre, 2929 Arch Street, Suite 1800, Philadelphia, PA 19104.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

proper and adequate notice of the Motion has been given under the circumstances and no other or further notice is necessary; and the Court having determined that the relief requested in the Motion is fair and equitable, in the best interests of the Debtors' estates, creditors, and other parties in interest, and above the lowest point in the range of reasonableness; and the Stipulation having been determined to be the product of good faith, arms'-length negotiations between the Parties; and granting the Motion being within the sound discretion of the Court; and upon the record herein, and after due deliberation thereon,

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be and hereby is GRANTED.

2. The Stipulation shall be and hereby is APPROVED in all respects on the terms set forth below.

3. Subject to Paragraph 4 of this Order, the Final DIP Order shall be and hereby is amended as set forth in paragraph 3 of the Stipulation. To the extent of any conflict between the terms of the Stipulation and its amendments of the Final DIP Order, on the one hand, and the Final DIP Order (as previously amended, modified or supplemented), on the other hand, the Stipulation and its terms shall control.

4. The amendment of the Final DIP Order by this Order shall be effective, and the parties shall be authorized and directed to carry out promptly the terms thereof, on the date that (a) this Order becomes final and nonappealable or (b) such other date that the Debtors, the Committee, and the DIP Agent agree in writing (which, for the avoidance of doubt, shall include the DIP Agent remitting the payments contemplated by Paragraph 36(b) of the Final DIP Order as so amended within one (1) business day following such effective date); provided, however, that, if this Order is not final and nonappealable on or before December 29, 2014, the relief granted by this Order and the agreement of

the parties set forth in the Stipulation shall be null and void unless otherwise agreed in writing by the Debtors, the Committee and the DIP Agent.

5.  Nothing in the Stipulation or the amended Final DIP Order shall release any claim or cause of action held by the Debtors' estates other than claims and causes of action against the DIP Agent, DIP Lenders, Pre-Petition Senior Secured Agent, Pre-Petition Senior Secured Creditors and each of their officers, directors, principals, attorneys, consultants, predecessors in interest, solely in such capacities (collectively, the "FTB Parties"), and all claims and causes action other than against the FTB Parties, including without limitation claims and causes of action against directors and officers of the Debtors, Versa, Versa Capital Fund I, L.P., Versa Capital Fund I, Parallel, L.P., Adeptio Funding, Adeptio Investments, Adeptio Parallel, Andrew Zeinfeld, Brightstar Corp., Brightstar U.S., Inc., or any of their officers, directors principals, attorneys, consultants, or predecessors in interest, are preserved in their entirety for the benefit of the chapter 7 trustee.

6.  Within five (5) business days after the DIP Agent's remittance of the amounts required by Paragraph 36(b), the Debtors shall submit to the Court an order converting the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code.

7.  Nothing in the Stipulation or the settlement approved by this Order shall in any way prejudice or limit any argument Adeptio Funding LLC ("Adeptio") may make, or any objection of another party thereto, with respect to (a) whether and to what extent Adeptio is entitled to share in distributions to unsecured creditors other than the DIP Agent or the Pre-Petition Senior Secured Agent after the "Discharge of Senior Debt" (as defined in the Subordination Agreement) or (b) at what point the "Discharge of Senior Debt" has occurred for these purposes. From and after the point at which the total distributions by any chapter 7 trustee, net of allowed chapter 7 administrative expenses, to the DIP Agent, the Pre-Petition Senior Secured Agent and unsecured creditors of all types (whether

administrative, priority or general) equal the amount of "Senior Debt" (as defined in the Subordination Agreement), no further distributions shall be made to any creditors (other than to the DIP Agent and the Pre-Petition Senior Secured Agent in accordance with the Stipulation) pending a full and final adjudication or other final resolution of Adeptio's claims, including without limitation a determination of whether and in what amount such claims should be allowed, recharacterized, or subordinated, the priority of such claims and Adeptio's participation in future distributions to such creditors. Nothing herein constitutes a waiver or modification of, or binding election with respect to, any of the rights or remedies of the parties to the Subordination Agreement, all of which rights and remedies are hereby expressly preserved in their entirety.

8. Nothing contained in the Stipulation or this Order shall alter the rights of Clearpath Solutions Group, LLC and Clearpath Hosting LLC and/or their affiliates as set forth in the *Order Authorizing and Approving (A) the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and other Interests; (B) the Asset Purchase Agreement and Ancillary Agreements; (C) the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (D) Related Relief* [D.I. 252].

9. The Parties are authorized and directed to take all actions reasonably necessary to effectuate this Order and the Stipulation.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Stipulation.

Dated: _____, 2014
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE